John LAFARY, and Dixie Lafary, Appellants (Defendants Below),

v.

Inez H. LAFARY, Appellee (Plaintiff Below).

No. 4–584A138.

Court of Appeals of Indiana, Fourth District.

April 10, 1985.

---

4. The regulations here cited remain in substantially the form and content as when first pro-

mulgated in May, 1978.

John D. Raikos, Raikos & Raikos, Indianapolis, for appellants.

Richard J. Hartman, Hartman, Foutty & Steinberg, Indianapolis, for appellee.

CONOVER, Judge.

Defendants-Appellants John Lafary (John) and Dixie Lafary appeal the summary judgment entered by the Marion Circuit Court in favor of plaintiff-appellee Inez H. Lafary (Inez).

Reversed.

ISSUES

This appeal presents the following issues:

1. Whether the Johnson Superior Court's construction of Omer Lafary's will adversely to John's interests is res judicata in this ejectment action.

2. Whether disputed questions of material fact exist warranting a full trial on the issues in this action.

FACTS

Omer I. Lafary and Inez were the natural parents of eight children, John being one. At the time Inez filed this ejectment action in the Morgan Circuit Court in 1982, John and his family were living in a mobile home on the 180.71 acre farm Omer and

Inez owned as tenants by the entirety in Morgan County prior to Omer's death in 1978. John filed a counterclaim in this action seeking to quiet title to a 30 acre tract on the farm on which its buildings were located, and for specific performance of an alleged oral contract between Omer and John. This action came to the Marion Circuit Court on change of venue.

Both parties filed motions for summary judgment supported by affidavits and a hearing was held thereon, but the judge who took the evidence died in 1983 before ruling on these motions. In 1984, the trial court entered summary judgment in favor of Inez without stating its reasons therefor.

Omer had died in 1978. His will was probated in the Johnson Superior Court. While this ejectment action was pending, John filed a petition to construe Omer's will in the probate proceeding, and a motion for stay of this action pending the Johnson Superior Court's ruling thereon. That court ruled adversely to John's interests finding Omer's will left everything to Inez. Parenthetically, it further found Inez as surviving tenant by the entirety owned all the Morgan County real estate as of Omer's death, she taking independently of Omer's will.

John's pleadings, discovery and affidavit filed in opposition to Inez's motion for summary judgment and in support of his like motion state:

Omer bought the 180 acre Morgan County farm in late 1960 in his name alone, but would not have done so unless John had agreed to work thereon with Omer to help him pay it off. John moved onto the farm and began helping Omer. He stayed on the farm for two weeks only, however, moving a mile down the road after a dispute with Inez. He farmed on his own and continued helping Omer on his farm, as he had agreed to do. John received no income for his labors, all money generated by Omer's farm went toward paying the balance owing on the farm's purchase price.

In February, 1971, John quit farming on his own, sold his farm machinery, and planned to move with his family to Missouri. Omer at that time begged him to stay and help him farm. Omer with Inez's knowledge told John if he would move onto the family farm and tend the cattle, he would see to it John would get the 30 acres which contained the farm's buildings. John agreed. He moved onto the property and did everything he was supposed to do continuously from that time until 1982 when Inez filed this ejectment action. Additionally, John expended $10,978.18 of his own money and time on farm buildings.

In March, 1971, Omer and Inez went to an attorney in Franklin and executed identical wills which first left all their property to each other but upon death of the survivor, among other things, parceled out the farm to six of their eight children by metes and bounds descriptions. John's 30 acre parcel included the house and farm buildings. Inez's will contained the following language:

I am aware of the fact that in dividing the farm up, I have devised to my son, the said John L. Lafary, the thirty (30) acre tract which includes the dwelling and the buildings, but I do this because of the fact that my said son, John, is to care for the livestock on my farm during the remainder of my life, or my husband's life, whoever shall be the survivor.

Omer's will contained identical language except the word "husband's" read "wife's" in the closing portion of the quoted section.

One year later in March, 1972, Omer and Inez executed identical codicils to their wills which changed the alternate co-executors named in item IX. Item II of each codicil reads as follows:

ITEM II. It is my will and I hereby reaffirm all other provisions of my said original will hereinabove mentioned, except as herein altered and amended.

Omer died in 1978, and his will was probated in Johnson County. John continued working on the farm until Inez filed this ejectment action in 1982.

Inez's pleadings, discovery and affidavit filed in support of her motion for summary judgment state:

To her knowledge, Omer at no time during his lifetime entered into any agreement concerning the farm she and Omer owned as tenants by the entirety, nor did she know of, acquiesce in, or consent to any such agreement. John was on her land only because he had gone broke farming and needed a place to park his trailer. Omer helped John buy 48 acres in 1961, and made some of the payments for him. John went broke in 1969 and the bank sold them out that year. They had no place to go, and Omer let them move the trailer onto their place. The improvements John made on the farm were solely for his own convenience and done at his own discretion. Neither John nor his wife and family worked on the farm to any greater degree than any of the other of her eight children. John and his family lived on the farm rent and cost free out of the good will of Inez and Omer.

John took care of the cattle only some of the time. Not all the cattle were hers, some belonged to others of her children. John and his family trapped and killed all of Inez's guinea hens in her garden in 1974 or 1975 when Omer was still alive. Inez ordered John to take all his stock off the place and not to tend another garden. John took his stock to a neighbor's and gardened there, also.

Inez believes strongly John will take advantage of her if he is allowed to remain on her property.

The Marion Circuit Court sustained Inez's motion for summary judgment and entered judgment accordingly as to all issues in 1984.

## DISCUSSION AND DECISION

### I.

#### Standard of Review

Under Ind. Rules of Procedure, Trial Rule 56, summary judgment is appropriate only where there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Grimm v. F.D. Borkholder Co., Inc.* (1983), Ind.App., 454 N.E.2d 84, 85–86; *Perry v. NIPSCO* (1982), Ind.App., 433 N.E.2d 44, 46.

■ When reviewing the grant of a motion for summary judgment we stand in the shoes of the trial court. We must determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Mead, Johnson and Co. v. Oppenheimer* (1984), Ind.App., 458 N.E.2d 668. We must liberally construe all evidence in favor of the nonmovant and resolve any doubt as to the existence of a genuine issue against the proponent of the motion. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723; *Grimm*, 454 N.E.2d 84, 86; *Moll v. South Central Solar Systems, Inc.* (1981), Ind. App., 419 N.E.2d 154, 159. Summary judgment may not be used as a substitute for trial to resolve factual disputes. Even if the trial court believes the nonmoving party will not be successful at trial, where material facts conflict or conflicting inferences are possible from undisputed facts, summary judgment should not be entered. *Grimm*, 454 N.E.2d at 86; *Clipp v. Weaver* (1983), Ind., 451 N.E.2d 1092; *English Coal, Inc. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 307.

### II.

#### Res Judicata

Inez argues the Johnson Superior Court's judgment construing Omer's will adversely to John is res judicata as to the issues here raised in John's counterclaim. John, however, argues res judicata cannot be considered by this court on appeal since it was not pleaded as an affirmative defense in the court below.

■ Ind. Rules of Procedure, Trial Rule 8(C), reads in part:

A responsive pleading shall set forth affirmatively and carry the burden or proving: ..., *res judicata* ..., and any other matter constituting an avoidance,

matter of abatement, or affirmative defense.... (Emphasis supplied.)

To properly preserve an affirmative defense, the party with the burden of proving it must either have set it forth in a responsive pleading or have litigated it by consent of the parties. If neither be the case, the issue is waived on appeal. *Dawson v. St. Vincent Hospital & Health Care Center* (1981), Ind.App., 426 N.E.2d 1328, 1331; *United Farm Bureau Ins. Co. v. Wolfe* (1978), 178 Ind.App. 435, 382 N.E.2d 1018, 1020. Affirmative defenses cannot be raised for the first time on appeal. *Lawshe v. Glen Park Lumber Co.* (1978), 176 Ind.App. 344, 375 N.E.2d 275, 277–78.

John claims Inez did not affirmatively plead res judicata in the trial court, thus the issue is foreclosed under T.R. 8(C). We disagree.

■ The issues were initially closed on May 20, 1982 when Inez filed her answer to John's counterclaim. No issue of res judicata was raised in her answer—the obvious reason being that judgment had yet to be entered in the will construction case. Significantly, on November 22, 1982, John filed his motion to stay the proceedings pending the outcome, in the Johnson Superior Court, of his motion to construe the will of his father, claiming "an adjudication by the Johnson Superior Court construing the will in favor of these Defendants [John and his wife, Dixie] renders all issues in these proceedings moot." Tr. 160.

On January 17, 1983, the judge of the Johnson Superior Court construed the will and its effect as follows:

"[T]he decedent, Omer I. Lafary, intended to leave all of his property, real, personal and mixed, to his wife, Inez H. Lafary by Item No. II of said Will and that all of the rest of said Will did not become operative because Inez H. Lafary did not predecease her husband, the Testator. Since Inez H. Lafary was the sole person to take under the terms of said Will, no other person, including the plaintiff, John S. Lafary, became a legatee, heir or devisee under the terms of said Will.

The Court further finds that all of the real estate in which decedent had an interest in Morgan County, Indiana at the time of his death, was owned as tenants by the entireties between decedent, Omer I. Lafary and Inez H. Lafary, and did not pass under the terms of the Will of Omer I. Lafary as said real estate was already owned by Inez H. Lafary. Upon the death of Omer I. Lafary, Inez H. Lafary acquired all of the interest of Omer I. Lafary in said real estate by rights of survivorship."

Thereupon, Inez filed her motion for summary judgment on April 14, 1983, setting out the judgment of the Johnson Superior Court, which motion was eventually sustained and judgment entered accordingly.

Under these circumstances, the issue of res judicata, that is whether the judgment of the Johnson Superior Court affected the rights of the parties in this case, was considered by the court by consent of the parties. After the issues were closed, it was John who called the attention of the court to the other pending action and requested the present one be stayed. He also represented to the court that the other judgment, when entered, would affect the rights of the parties in the present case. Thus, even if error were committed by the court here in considering the issue of res judicata, its consideration, in fact, was invited by the very party who is now suggesting that the court committed such error. Further, when the issue was raised by Inez, John did not oppose her summary judgment motion on the basis that res judicata was not an issue. The only procedural step lacking here is the technical error in failing to request an amendment to the pleadings which, under the circumstances, would obviously have been granted.

■ Despite the above, the result reached by the trial court was erroneous. The judgment of the Johnson Superior Court construing the will of Omer and finding that the real estate was held by the entireties and therefore not disposed of by

the will was not dispositive of John's claim based upon his alleged separate agreement with Omer and Inez.

## III.

### *Findings of Fact*

John contends we must reverse because the trial court did not specially find the facts as part of its entry of summary judgment in favor of Inez. We disagree.

■ Because the trial court's judgment disposed of all the issues in the case, special findings of fact were not necessary. *Middlekamp v. Hanewich* (1977), 173 Ind. App. 571, 364 N.E.2d 1024.

## IV.

### *Disputed Factual Issues*

■ The material facts and the inferences arising from the undisputed facts at this stage of the case are in clear dispute. John claims an oral agreement with Omer for testamentary disposition of the 30 acres, Inez's acquiescence therein, the execution of mutual wills by Omer and Inez and his continuous execution as part of the bargain, of his contractual duties under the

agreement until Inez filed her ejectment suit.

Inez hotly denies the agreement and John's other claims to the land. Clearly, such facts are material to the issues raised by Inez's complaint and John's counterclaim.

John argues he is entitled to summary judgment. The mere fact both parties file motions for summary judgment does not establish the absence of issues of material fact. *Raper v. Union Federal Savings and Loan Ass'n. of Evansville* (1975), 166 Ind.App. 482, 336 N.E.2d 840, 845. It is readily apparent this factual labyrinth can be traversed and resolved only by means of a full blown trial on the merits.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER, P.J., and YOUNG, J., concur.