Carl LILLY, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 785S308.

Supreme Court of Indiana.

April 14, 1987.

J.A. Cummins, Public Defender for Delaware County, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Carl Lilly, was convicted by a Delaware County jury of murder. The trial court sentenced him to thirty (30) years imprisonment. In this direct appeal, Appellant challenges the sufficiency of the evidence supporting his conviction.

The evidence presented to the jury is as follows. Appellant lived in a boarding house located at 219 East Gilbert Street in Muncie, Indiana. On January 16, 1985, Appellant and his fellow tenants were conversing and drinking in a common hallway of the boarding house. Appellant offered to trim the hair of a friend, William Nealon. The two entered Appellant's room. While Appellant trimmed Nealon's hair, the victim entered Appellant's room. Appellant grabbed his shotgun and shot the victim in the abdomen, resulting in his death.

William Nealon testified Appellant's door was not shut or latched, but was "almost to," indicating the door was ajar. Nealon stated Appellant left his door ajar unless he was sleeping or away. Nealon testified that when the victim entered Appellant's room, Appellant turned, grabbed a shotgun, cocked it, aimed it at the victim, and pulled the trigger. He stated he did not hear any words exchanged between Appellant and the victim prior to the shooting.

Appellant testified he had told the victim earlier that day to get out of his room and to stay out. He claimed the victim came back, pushed the door open, and threatened to beat Appellant. Appellant testified as to his knowledge of the victim's assaults on two other individuals. Further, Appellant was suffering from a broken ankle at the time. Appellant claims he feared for his life and shot the victim in self-defense.

Appellant argues on appeal that there was insufficient evidence presented to prove he was not acting in self-defense. When sufficiency of the evidence is challenged, we do not reweigh the evidence or judge the credibility of witnesses, rather, we look to the evidence most favorable to the State along with all reasonable inferences therefrom. *Weekly v. State* (1986), Ind., 496 N.E.2d 29, 30. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. When the defendant claims self-defense, he must prove three facts; that he was in a place where he had a right to be; that he acted without fault; and that he had a reasonable fear or apprehension of death or great bodily harm. *Hinkle v. State* (1984), Ind., 471 N.E.2d 1088, 1089; *Bryan v. State* (1983), Ind., 450 N.E.2d 53, 63–64; Ind.Code § 35–41–3–2 (Burns 1985). Once self-defense has been asserted, the State bears the burden of showing the absence of one of these elements beyond a reasonable doubt. *Bryan* at 63; *Loyd v. State* (1980), 272 Ind. 404, 406, 398 N.E.2d 1260, 1264. The State may carry its burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief. *Davis v. State* (1983), Ind., 456 N.E.2d 405, 408. Finally, a defendant's conviction in spite of a claim of self-defense will be reversed by this Court only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Almodovar v. State* (1984), Ind., 464 N.E.2d 906, 909.

In this case, the jury decided the State's evidence was contrary to and more persuasive than Appellant's claim of self-defense. It was reasonable for the jury to conclude that Appellant was not justified in believing that deadly force was necessary to protect himself. The State properly negated beyond a reasonable doubt at least one of the elements of Appellant's self-defense claim. Accordingly, the trial court is affirmed.

SHEPARD, C.J., DeBRULER, GIVAN and DICKSON, JJ., concur.