**Ronnie L. COOPERWOOD, Jr.,**
**Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 49S00–8711–CR–1070.

Supreme Court of Indiana.

Nov. 29, 1988.

Kevin L. Scionti, Kenneth T. Roberts, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Ronnie L. Cooperwood was convicted by jury of murder. The trial court sentenced him to a term of forty (40) years. He directly appeals raising the following two issues for our review:

1. ineffective assistance of trial counsel, and

2. sufficiency of the evidence to sustain the verdict.

The facts most favorable to the verdict below show that on the evening of May 17, 1986, Cooperwood shot and killed Kenny L. Quinn at a vacant lot on Gale Street in Indianapolis. Prior to the shooting, Cooperwood and the victim had argued at the vacant lot and Quinn had punched Cooperwood in the face. Cooperwood then left the scene with his girlfriend and drove to his home. He went inside for a few moments, emerged and drove off. The State introduced testimony that Cooperwood emerged with a handgun, although Cooperwood and his girlfriend both testified the handgun was already in Cooperwood's car. Cooperwood then drove to where Quinn's car was parked and fired shots into the car, breaking all the windows. Cooperwood then drove back to the vacant lot and walked across the street. Cooperwood took his gun with him but the evidence is conflicting over whether he was loading it at that point.

Cooperwood and his girlfriend testified that when they returned to the vacant lot, Kenny Quinn confronted Cooperwood and shot at him with a handgun. Cooperwood admitted he fired back but stated he did not mean to harm the victim, only to ward him off. However, Joseph Quinn testified he had been with Kenny Quinn all day and had not seen him with a gun at any time and had not seen Quinn with a gun at the time Cooperwood was over at the vacant lot. The evidence technician with the Marion County Crime Lab testified no gun was found at the scene. Joseph Quinn testified he observed Cooperwood walk from across the street to the vacant lot as another individual tried to dissuade him. Joseph Quinn testified he then observed Cooperwood confront and pursue Kenny Quinn. Joseph Quinn heard two shots. When he looked up Cooperwood was leaving the scene, going back toward his mother's house. Kenny Quinn was mortally wounded.

**I**

Cooperwood claims that he was denied effective assistance of counsel because trial counsel did not tender an instruction on reckless homicide as a lesser-included offense. He claims an instruction on reckless homicide was required because the jury could have found he acted recklessly in conscious disregard of the danger from shooting the handgun.

The defense tendered three written instructions to the trial court. Only two of these instructions are contained in the record. The record indicates Tendered Instruction No. 3 was concerned with recklessness as the trial judge stated, "the manslaughter aspect of No. 3 is covered by my instruction ... And the recklessness embraced in No. 3 I refused to give...." Instruction No. 3 is not in our record. It is a defendant's duty to provide a proper record for appeal so that an intelligent review of the issues may be made. Bare assertions of error not disclosed by the record are not available for review. *Tabor v. State* (1984), Ind., 461 N.E.2d 118, 126. However, this issue can be resolved without reference to the text of the instruction.

Cooperwood also contends trial counsel was ineffective for failing to object to the trial judge's refusal to give any instruction on recklessness and for failing to preserve the alleged error for appellate review. This court will not second-guess counsel in his choice of strategy and will not reverse due to choice of strategy where it appears counsel exercised professional judgment. *Haggenjos v. State* (1986), Ind., 493 N.E.2d 448, 451. Had trial counsel objected to the court's refusal to give any instruction on recklessness, he would not have prevailed as the evidence did not support the giving of such an instruction. There was no evidence that Cooperwood shot the victim by acting recklessly. Even by his own testimony, Cooperwood meant to shoot the victim. Without any evidence of reckless acts, there is no basis for an instruction on recklessness. *Evans v. State* (1986), Ind., 489 N.E.2d 942, 947. Thus, Cooperwood was not prejudiced by trial counsel's failure to object to the refusal to give any instruc-

tion on recklessness or by trial counsel's alleged failure to preserve the alleged error for appellate review.

## II

 Cooperwood claims there was insufficient evidence to rebut his claim of self-defense and insufficient evidence to find him guilty of murder. As a court of review, we do not judge the credibility of witnesses nor reweigh the evidence. Rather, we look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact the verdict will not be overturned. *Loyd v. State,* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The only evidence of self-defense was the testimony of Cooperwood and his girlfriend. They claimed the victim had a gun and shot first. Cooperwood and his girlfriend stated that after the victim shot at Cooperwood, Cooperwood ran and ducked before coming up and shooting the victim. This would have put some time in between shots. However, the evidence technician testified no gun was found at the scene. Joseph Quinn testified he saw Cooperwood with a gun just prior to the shooting, but did not see the victim with a gun. He also testified the shots came one right after another. It was for the jury to weigh the testimony and they evidently chose not to believe Cooperwood's testimony. We will not now disturb their judgment.

Cooperwood contends the evidence is not sufficient to sustain a conviction for murder, but would only sustain a conviction for reckless homicide or voluntary manslaughter. The jury was instructed on voluntary manslaughter and evidently found that sudden heat was not present. This was not unreasonable as there was testimony that Cooperwood and the victim argued at a vacant lot and the victim hit Cooperwood in the eye. Cooperwood then left, went to his home and picked up a gun. He then drove to where the victim's car was parked, shot out the car windows, reloaded his gun and returned to the vacant lot where he shot the victim. This evidence does not support either sudden heat or recklessness. Rather, this evidence is sufficient to show Cooperwood knowingly or intentionally shot and killed the victim.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

DICKSON, J., concurs in result without opinion.