Christopher BUTLER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8808–CR–0693.

Supreme Court of Indiana.

Dec. 14, 1989.

S. Sargent Visher, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant, Christopher Butler, was convicted in a jury trial of murder and carrying a handgun without a license. He received a sixty-year sentence for murder and a concurrent one-year sentence for the handgun offense. In this direct appeal, the issues presented may be grouped into two areas: 1) failure to prohibit witness from testifying; and 2) insufficient negation of self-defense claim.

At the inception of the discovery process, the State provided defense counsel with a copy of Bobby Dixson's statement to the police, which defense counsel at trial acknowledged having read. Before trial, Dixson twice failed to appear for depositions to be conducted by defense counsel. The defendant filed a motion to dismiss based on the failure of several witnesses, including Dixson, to appear for depositions. The trial court denied the motion. The State located Dixson the night before trial and called him to testify. Over the defendant's objection, the trial court permitted Dixson to testify after defense counsel had deposed him.

■ The defendant claims that the trial court violated his right to a fair trial by permitting Dixson to testify over objection and in contravention of an earlier trial court ruling. He claims that as an alternative to his pre-trial motion to dismiss he requested that the trial court not permit Dixson to testify if he appeared. The record, however, fails to show that this alternative motion was even made, let alone granted, thus precluding our review on this basis. The defendant further asserts that his opportunity to adequately prepare for trial was severely impaired because he had relied on Dixson's absence from the trial. He fails to indicate any specific unfairness in permitting Dixson to testify, saying merely that a pre-trial examination "could" have led to the preservation of impeachment evidence in the form of testimony of other witnesses. The defendant has failed to demonstrate an abuse of discretion.

The defendant next claims that the State failed to negate his claim of self-defense and to connect the cause of the victim's death to the defendant's conduct. The shooting, he claims, was precipitated by the victim reaching for a gun.

■ In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ The use of deadly force in self-defense requires that the person using such force: 1) be in a place where he has a right to be; 2) act without fault; and 3) act in reasonable fear or apprehension of death or great bodily harm. *Lilly v. State* (1987), Ind., 506 N.E.2d 23; *Loyd*, 272 Ind. 404, 398 N.E.2d 1260. Once the defendant claims self-defense, the State must prove beyond a reasonable doubt the absence of one of the three requirements. The State may carry its burden by rebutting the defense directly or by relying on the sufficiency of evidence in its case-in-chief. *Lilly*, 506 N.E.2d at 24.

■ The evidence supporting the verdict shows that on the day before the killing the

defendant quarreled with his long-time acquaintance, Terrence Johnson, over a reneged drug transaction. The quarrel ended when the defendant pulled a pistol on Johnson, who retreated hurriedly. The defendant later told a friend that he would not hesitate to kill Johnson. On the afternoon of the following day, the two were among a group of people who were "hanging out" near a local lounge. The defendant crossed the street to a car where Johnson was standing, and the two exchanged casual greetings. The defendant drew his pistol and shot Johnson in the abdomen. As the defendant fled, Johnson staggered into the street and collapsed. Assisted by others, Bobby Dixson placed the bleeding Johnson in a car and rushed him to the hospital. During this time, Dixson put his hands in Johnson's pockets to remove any drugs and to keep him conscious by shaking him. Johnson died shortly after arriving at the hospital. The pathologist testified that Johnson died as a result of the gunshot wound. The defendant confessed to shooting Johnson, but maintained that Johnson was pulling a gun on him. Several witnesses testified that Johnson did not have a gun when the defendant confronted him.

From this evidence, the jury could reasonably conclude that the defendant approached the victim, who presented no immediate danger to the defendant, and purposefully shot him. As the aggressor, the defendant was not acting with a reasonable fear of death or great bodily harm or without fault. The State sufficiently negated the defendant's claim of self-defense. *See Cooperwood v. State* (1988), Ind., 530 N.E.2d 734. The evidence is also sufficient to connect the victim's death to the gunshot fired by the defendant.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.