**Wenland KIMBLE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–9007–CR–468.**

Supreme Court of Indiana.

April 12, 1991.

Albert Marshall, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of murder and a finding that he is a habitual offender. The trial court enhanced the sentence due to aggravators and sentenced appellant to a term of fifty (50) years enhanced by thirty (30) years.

The facts are: In the early morning of November 2, 1987, appellant and a friend, Tim Cobbs, entered the home of the victim, Frank Brown, where William Marberry was staying temporarily. Appellant spoke with Marberry regarding a debt owed, and upon informing appellant that he had no money, appellant attempted to remove Marberry's television until the debt was paid. Brown objected and asked appellant and Cobbs to leave. Cobbs indicated to appellant that it was none of Brown's business, and Brown again asked appellant and Cobbs to leave. Gunfire erupted and Brown was killed. An autopsy revealed that Brown had been shot at least six times with a .38 caliber gun.

Appellant first contends the trial court committed reversible error when it granted the State's motion in limine regarding a State's witness.

During the deposition of Johnnie Mae Brown, the victim's wife, she stated that she had used drugs in the past but had stopped using drugs approximately six to seven months prior to her husband's death. Prior to trial, the State made an oral motion in limine concerning the past drug use of Johnnie Brown. The trial court granted the State's motion and excluded the evidence. No error is preserved solely on the ruling on a motion in limine. In order to preserve error, the evidence must be offered at trial to give the trial court an opportunity to rule on the admissibility at that time. *Tyra v. State* (1987), Ind., 506 N.E.2d 1100.

Appellant made no attempt to make an offer of proof on this issue. Thus the issue is waived. However, even assuming for the sake of argument that this was not waived, we find the issue to be without merit. During the hearing on the motion in limine, the trial judge indicated that counsel for appellant could question her regarding her drug use on the night in question to affect her credibility but could not question her regarding her past drug use. We agree with this. We find no relevance to any questions regarding her past drug use. We do note that counsel did ask her a question regarding her past drug use to which the State did not object. He asked: "Prior to the night of the shooting when was the last time you had done drugs together [with her husband]," to which she replied; "About six (6) months." We find no error.

Appellant contends there did not exist probative evidence from which the jury could have reasonably inferred appellant's guilt beyond a reasonable doubt. He contends the claim of self-defense was never adequately rebutted by the State.

Upon review of sufficiency of evidence, we will affirm the conviction if considering only the probative evidence and the reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Butler v. State* (1989), Ind., 547 N.E.2d 270.

In the instant case, appellant testified that Brown was armed with a .22 caliber pistol and that he did not fire until Brown began firing. However, three witnesses testified that Brown was unarmed and that he did not keep a gun at the house. No evidence was presented that the police found any .22 caliber pistol or .22 caliber bullets anywhere in the house. Instead, the police found numerous bullets and casings from appellant's .38 caliber pistol.

Evidence from the coroner was presented which negated appellant's claim of self-defense in that several bullets entered the body from behind. All of this evidence was presented during the State's case-in-chief. These facts, as presented, adequately show that the State rebutted appellant's claim of self-defense. *See Hill v. State* (1986), Ind., 497 N.E.2d 1061. We find no error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.