Tina ALLENDER, Appellant–
Defendant,

v.

Sandy FIELDS, Appellee–Plaintiff.

No. 07A04–0305–CV–261.

Court of Appeals of Indiana.

Dec. 16, 2003.

Rudolph WM. Savich, Bloomington, IN, for Appellant.

## OPINION

BAKER, Judge.

Appellant-defendant Tina Allender appeals the $600 small claims court judgment entered in favor or the appellee-plaintiff Sandy Fields regarding Fields's cause of action for breach of contract that she brought against Allender. Specifically, Allender argues that the judgment was void ab initio because the debt owed to Fields was discharged by the U.S. Bankruptcy Court for the Southern District of Indiana. Concluding that the trial court did not err, we affirm.

## FACTS

The facts most favorable to the judgment reveal that Fields loaned Allender $100 on January 30, 1995, and $500 on July 8, 1997. On February 13, 1998, Allender filed a petition in the U.S. Bankruptcy Court for the Southern District of Indiana under Chapter 7 of the U.S. Bankruptcy Code. The $600 owed to Fields was not listed as a debt on Allender's petition. On August 12, 1998, the Bankruptcy Court granted Allender a discharge.

Fields never received repayment for the sums borrowed by Allender, so Fields filed a small claims action against Allender on February 26, 2001. At a bench trial commencing May 10, 2001, Allender argued that she had "worked off the debt" to Fields by performing labor as repayment. On May 22, 2001, the trial court found for Fields and entered a judgment against Allender for $600.

On June 25, 2001, Allender filed a petition in the Bankruptcy Court to reopen her case and asked that Fields be added as an omitted creditor. The Bankruptcy Court granted Allender's motion, added Fields as a creditor, and reclosed Allender's case on August 7, 2001. On April 3, 2003, Allender filed a motion under Indiana Trial Rule 60(B) seeking relief from judgment, alleging that the judgment entered on May 22, 2001, was void.

On April 24, 2003, the trial court denied Allender's Rule 60(B) motion, stating that the judgment was valid when entered. The trial court did state, however, that "the judgment has now been discharged and is not enforceable." Appellant's App. p. 4. Allender now appeals.

## DISCUSSION AND DECISION

We first note that Fields did not file an appellee's brief, a fact that is understandable inasmuch as the trial court declared Allender's debt to be uncollectible. In such cases, "an appellant may prevail by making a prima facie case of error." *Savoree v. Industrial Contracting & Erecting, Inc.*, 789 N.E.2d 1013, 1017 (Ind. Ct.App.2003). "Prima facie" error is defined as "at first sight." *Id.* This standard relieves this court of the burden of developing arguments for the appellee. *Id.*

We also observe that "if an instrument or judgment is void, it is of no effect whatever and is subject to collateral attack at any time." *Standard Lumber Co. of St. John, Inc. v. Josevski*, 706 N.E.2d 1092, 1095 (Ind.Ct.App.1999). Thus, if a judgment is void ab inito, it is an "action that never had any legal existence at all because of some infirmity in the action or process." *Trook v. Lafayette Bank and Trust Co.*, 581 N.E.2d 941, 944 (Ind.Ct.App.1991).

We note that the effect of a bankruptcy discharge is provided for in the U.S. Bankruptcy Code, which reads, in relevant part:

A discharge in a case under this title—(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(1). The effect of this statute is that "a debtor may reopen the estate to add an omitted creditor where there is no evidence of fraud or intentional design." *Matter of Stark,* 717 F.2d 322, 324 (7th Cir.1983).

■ Indiana Trial Rule 8(C) states that a "discharge in bankruptcy" is an affirmative defense that must be set forth in a pleading by the defendant. If a defense is not raised, it is waived. *Lafary v. Lafary,* 476 N.E.2d 155, 158 (Ind.Ct.App.1985).

■ At trial, Allender did not raise the defense that her debt to Fields had been discharged by the Bankruptcy Court. Instead, Allender argued that she had "worked the debt off." Appellant's App. p. 7. Allender could have raised the statutory bar provided by the U.S. Bankruptcy Code but did not do so. Thus, Allender waived this defense. *See id.* Accordingly, at the time the trial court entered judgment for Fields, a valid debt existed. The judgment against Allender was, as a matter of law, not void ab initio. As a result, the trial court committed no error when it denied Allender's Rule 60(B) motion and held that the debt was not void but instead was discharged and no longer enforceable.

Moreover, the difficulty with Allender's position is demonstrated by the following factual scenario: To satisfy a judgment, a debtor may deposit funds with the clerk of the courts. If the debtor then filed for bankruptcy protection—using Allender's argument—the clerk would be holding funds on the basis of a void judgment and would have no reason to pay the creditor

the sums already submitted by the debtor. Indeed, any payments made on the judgment *before* the debtor's bankruptcy filing would have been made on a non-existing judgment and, thus, would have to be returned to the debtor. In sum, Allender's position that a discharge from the Bankruptcy Court renders a prior judgment void ab initio is fraught with difficulties.

We affirm the judgment of the trial court.

NAJAM, J., and MAY, J., concur.