**Kevin HOBSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 36A01–1103–CR–144.

Court of Appeals of Indiana.

Dec. 1, 2011.

Jeremy L. Seal, Seymour, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Katherine Modesitt Cooper, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Senior Judge.

### STATEMENT OF THE CASE

Appellant Kevin Hobson appeals his conviction of criminal recklessness, a Class D felony. Ind.Code § 35–42–2–2 (2006). We affirm.

## ISSUE

Hobson raises one issue, which we restate as: whether the evidence is sufficient to sustain his conviction.

## FACTS AND PROCEDURAL HISTORY

At 1:30 a.m. on April 11, 2010, Andrew Kern was driving in Jackson County in a Chevrolet Blazer. Tanner Pruett was his passenger. Pruett told Kern that he felt sick, so Kern pulled off the road and parked near the burned remains of a business known as the Pit Stop. Pruett got out of the Blazer. Next, Kern saw a man approaching the Blazer from the side of a nearby house, holding a handgun. Kern yelled at Pruett, "he's got a gun," and Pruett got back into the Blazer. Tr. p. 18. As Kern drove away, he and Pruett saw the man shoot into the air. Next, Kern saw the man fire a second shot, this time directly at the Blazer. Kern and Pruett both heard a third shot. One of the shots shattered the rear window on the driver's side of the Blazer. Kern drove to Pruett's home in Lawrence County, where he saw that his right front tire was flat. Kern called the police. While they were waiting for the police, Pruett cut open the flat tire and discovered a bullet.

Meanwhile, Hobson, who lived next to the Pit Stop, had called the police to report a suspicious vehicle. When Deputy Rick Meyer arrived at the scene, Hobson told him that he saw a Chevy Blazer parked at the Pit Stop. Hobson further stated that when he approached the Blazer, it drove off, and he fired two shots in the air. Later, Meyer received a call from a dispatcher, who directed him to Pruett's home in Lawrence County. At that time, Meyer saw Kern's Blazer, which "roughly matched" the description provided by Hobson. *Id.* at 59.

The State charged Hobson with criminal recklessness as a Class D felony. A jury determined that Hobson was guilty as charged, and the trial court sentenced Hobson accordingly. This appeal followed.

## DISCUSSION AND DECISION

 When an appellant challenges the sufficiency of the evidence supporting a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *Joslyn v. State,* 942 N.E.2d 809, 811 (Ind.2011). We consider only the probative evidence and reasonable inferences drawn from the evidence that support the verdict. *Id.* We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

 In order to convict Hobson of criminal recklessness as a Class D felony, the State was required to prove beyond a reasonable doubt that Hobson (1) while armed with a deadly weapon (2) recklessly, knowingly, or intentionally (3) performed an act that created a substantial risk of bodily injury to another person. Ind.Code § 35–42–2–2.

Here, Hobson contends that there is insufficient evidence to prove that he was the individual who shot at Kern and Pruett. We cannot agree. Hobson admitted to the police that he approached a Chevy Blazer at the Pit Stop, at the same point in time when Kern said that he had parked there. Hobson lived next to the Pit Stop, and as Kern sat in his Blazer he saw the shooter approach from the side of a nearby house. Hobson further admitted that he fired shots as the Blazer drove off. One may reasonably infer from this evidence that Hobson was the person who recklessly shot at or near Kern's Blazer, creating a substantial risk of bodily injury to the occupants. *See Ware v. State,* 859

N.E.2d 708, 724 (Ind.Ct.App.2007) (affirming convictions for criminal recklessness and other offenses where the victims did not identify the shooter, but the defendant told a witness he would shoot the victims and a police officer encountered the defendant near the scene of the crimes), *trans. denied.*

Hobson cites *Ferrell v. State,* 656 N.E.2d 839 (Ind.Ct.App.1995), in support of his argument, but that case is distinguishable. In *Ferrell,* the defendant was part of a group of youths who fired gunshots and threw bottles and bricks at the victim's house. The victim saw the defendant with a handgun but could not identify the defendant as one of the people who fired the shots, and this Court reversed the defendant's conviction for criminal recklessness.

By contrast, in the current case, Hobson admitted to firing several shots as a Blazer drove away from the Pit Stop, and Kern's Blazer was struck by several bullets. This is sufficient evidence to establish that Hobson fired the shots, and *Ferrell* is not controlling.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.