## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 20 2015, 7:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Philip R. Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Jefferson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 20, 2015 <br><br> Court of Appeals Case No. <br> 71A05-1405-CR-249 <br><br> Appeal from the St. Joseph Superior Court; The Honorable John Marnocha, Judge; <br> 71D02-1310-MR-10 |

**May, Judge.**

[1] Anthony Jefferson appeals his conviction of Class C felony criminal recklessness.[1] Jefferson argues the evidence was insufficient to convict him.

[2] We affirm.

## Facts and Procedural History

[3] On September 30, 2013, Jefferson purchased heroin and cocaine from Tyreece Walker and Jason Reid at a home in South Bend. Jefferson went to the basement of that home to use the drugs he had purchased. A few hours later, Jefferson heard three loud noises that he believed were gunshots. Jefferson used his cell phone to call a phone upstairs. Someone answered the phone but did not respond when Jefferson asked what was happening.

[4] Jefferson then gathered his belongings into a bundle and fashioned a makeshift knife from a reciprocating saw blade and a towel. As Jefferson left the basement, he encountered Walker at the top of the stairs. Walker pointed a gun at Jefferson. In response, Jefferson threw his bundle of belongings at Walker and struck the gun, knocking it out of Walker's hand. The men wrestled as they each attempted to recover the gun; at some point in the struggle, Walker lost his pants.

[5] Eventually, Jefferson seized the gun and began firing it wildly at Walker who was lying on the ground in his boxer shorts. After firing five shots at Walker,

---

[1] Ind. Code § 35-42-2-2 (2013).

Jefferson grabbed the house key from the pocket of Walker's discarded pants, and unlocked the door so he could leave the house. Police found Walker bleeding from a gunshot wound and Reid dead on the living room floor from a gunshot wound.

[6] The State charged Jefferson with murder for the death of Reid and attempted murder for the shooting of Walker. At trial, the State theorized Jefferson confronted Walker with a gun, then killed Reid. Jefferson claimed he was not involved in Reid's murder and he shot Walker in self-defense. The jury acquitted Jefferson of murder and attempted murder, but it found Jefferson committed criminal recklessness by shooting Walker.

## Discussion and Decision

[7] When challenging the sufficiency of the evidence supporting a conviction we do not reweigh evidence or judge credibility of witnesses. *Hobson v. State*, 957 N.E.2d 1031, 1032 (Ind. Ct. App. 2011). We consider only the probative evidence and reasonable inferences from the evidence that support the verdict. *Id*. We will affirm if a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id*. It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the verdict. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[8] A person commits criminal recklessness when he "recklessly, knowingly, or intentionally inflicts serious bodily harm or injury on another person." Ind.

Code § 35-42-2-2(d)(1) (2006). Jefferson argues that, while there is no dispute that he shot Walker, "all the evidence and inferences lead to the conclusion that Jefferson acted in self-defense." (Br. of Appellant at 7.) When a defendant claims self-defense, the State may carry its burden either by affirmatively showing the defendant did not act in self-defense or by relying on the sufficiency of its evidence in chief. *Lilly v. State*, 506 N.E.2d 23, 24 (Ind. 1987).

[9] Jefferson emphasizes he was found not guilty of Reid's murder and the attempted murder of Walker. Jefferson asserts the jury "knew that Reid and Walker often carried guns in the house" and the jury "clearly" believed Walker had a gun and Jefferson a makeshift knife. (Br. of Appellant at 7.) According to Jefferson, the jury's decision not to return guilty verdicts for murder and attempted murder establishes self-defense as the only option for criminal recklessness as well. Jefferson's argument mischaracterizes the evidence and reasonable inferences supporting his conviction of criminal recklessness.

[10] The evidence favorable to the verdict indicates Jefferson disarmed Walker. The two men wrestled as each tried to retrieve the gun. As they wrestled, Walker's pants were removed, such that he was wearing only boxer shorts. It could therefore be reasonably inferred he was not concealing another weapon. Then, as Walker lay unarmed on the ground, Jefferson fired five shots at Walker. This evidence precludes a claim of self-defense. *See, e.g.*, *Mayes v. State*, 744 N.E.2d 390, 395 n.2 (Ind. 2001) (firing of five shots while the victim was on the ground refuted self-defense claim).

Indeed, the jury considered Jefferson's claim of self-defense and rejected it to find Jefferson committed criminal recklessness. We decline Jefferson's invitation to reweigh the evidence, as it is the jury's role to weigh conflicting evidence. *See McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005) ("We have often emphasized that appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict.").

## Conclusion

The State presented sufficient evidence that Jefferson committed criminal recklessness when he shot at Walker multiple times as Walker lay unarmed on the floor. Accordingly, we affirm.

Affirmed.

Barnes, J., and Pyle, J., concur.