## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony M. Cleveland,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 16, 2015<br><br>Court of Appeals Case No.<br>84A01-1501-CR-26<br><br>Appeal from the Vigo County<br>Superior Court<br><br>The Honorable David R. Bolk,<br>Judge<br><br>Case No. 84D03-1301-FD-215 |

**Vaidik, Chief Judge.**

# Case Summary

Anthony M. Cleveland appeals his conviction for Class D felony battery of a child. He challenges the sufficiency of the evidence supporting his conviction by raising the parental-privilege defense. Given that Cleveland raises this defense for the first time on appeal and because there is no evidence to support it, we affirm.

# Facts and Procedural History

In January 2013 nine-year-old T.C. was living with Cassandra Ryan, his guardian. Cassandra was dating Cleveland at the time. One evening, T.C., Cassandra, and Cleveland attended a gathering at a nearby home. The adults at the gathering, including Cleveland, were drinking alcohol. Tr. p. 69, 79. Around midnight, when Cleveland told T.C. it was time to go home, T.C. began to whine and told Cleveland that he did not want to go. *Id.* at 39. T.C. "shrugged away" from Cleveland and began to yell. *Id.* at 73. Cleveland became angry, grabbed T.C., and pushed him until he fell down. *Id.* at 73, 81, 90. Cleveland also put his hands around T.C.'s neck for about ninety seconds, which hurt the child. *Id.* at 33-34, 73, 90, 91. T.C., scared and crying, did not fight back. *Id.* at 90.

Another adult, Eric Poole, intervened. *Id.* at 75, 92. Cleveland spit in Eric's face and the two men began to fight outside. *Id.* at 75-76. After another adult fired a gun, a neighbor called police. *Id.* at 44, 77. When police arrived, they

observed red finger marks on T.C.'s neck "consistent with someone being grabbed by the throat." *Id.* at 63, 65.

[4] The State charged Cleveland with Class D felony battery of a child. At his jury trial, Cleveland disputed the State's claim that he put his hands on T.C.'s neck and attempted to discredit the State's witnesses. Cleveland was convicted as charged, and the trial court sentenced him to eighteen months in the Indiana Department of Correction. *See* Appellant's App. p. 125-26.

[5] Cleveland now appeals.

# Discussion and Decision

[6] Cleveland challenges the sufficiency of the evidence supporting his conviction by raising the parental-privilege defense. In asserting the defense, Cleveland argues that he was a person acting *in loco parentis*, or in place of a parent.

[7] To convict Cleveland as charged, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally touched another person less than fourteen years old in a rude, insolent, or angry manner. *See* Ind. Code Ann. § 35-42-2-1(a)(2)(B) (West 2012); Appellant's App. p. 11 (charging information). However, "[a] person is justified in engaging in conduct otherwise prohibited if he has legal authority to do so." Ind. Code § 35-41-3-1. This statute has been interpreted to provide legal authority for parents to engage in reasonable discipline of their child, even if such conduct would otherwise constitute battery. *State v. Fettig*, 884 N.E.2d 341, 345 (Ind. Ct. App. 2008),

*reh'g denied*. Thus, "[a] parent is privileged to apply such reasonable force or to impose such reasonable confinement upon his . . . child as he . . . reasonably believes to be necessary for [the child's] proper control, training, or education." *Willis v. State*, 888 N.E.2d 177, 182 (Ind. 2008) (quotation omitted). Custodians who are persons *in loco parentis* have the right to use reasonable corporal punishment on a child. *McReynolds v. State*, 901 N.E.2d 1149, 1153 (Ind. Ct. App. 2009).

[8] The defense of parental privilege, like self-defense, is a complete defense to battery of a child. *Willis*, 888 N.E.2d at 182. "[T]o sustain a conviction for battery where a claim of parental privilege has been asserted, the State must prove that either: (1) the force the parent used was unreasonable or (2) the parent's belief that such force was necessary to control her child and prevent misconduct was unreasonable." *Id.* The State may refute a parental-privilege claim by direct rebuttal or by relying upon the sufficiency of the evidence in its case-in-chief. *Id.*

[9] But here, Cleveland did not assert the parental-privilege defense at trial. As a result of this failure, he has waived this claim. *See Lafary v. Lafary*, 476 N.E.2d 155, 159 (Ind. Ct. App. 1985) (holding that affirmative defenses cannot be raised for the first time on appeal). Waiver notwithstanding, there is simply no evidence to support Cleveland's claim that he was a person acting *in loco parentis*. Although Cleveland was romantically involved with T.C.'s guardian Cassandra, there is no evidence that he had the responsibilities of a father or stepfather, made parenting decisions regarding T.C., or otherwise behaved as a

father to the child. We therefore affirm Cleveland's Class D felony battery conviction.

Affirmed.

Kirsch, J., and Bradford, J., concur.