## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 14 2017, 10:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

ATTORNEY FOR APPELLANT

Amy D. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Billy E. Oliver,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 14, 2017

Court of Appeals Case No.
20A03-1606-CR-1519

Appeal from the Elkhart Circuit Court

The Honorable Terry C. Shewmaker, Judge

Trial Court Cause No.
20C01-1603-CM-390

**Bradford, Judge.**

# Case Summary

On the morning of February 27, 2016, Appellant-Defendant Billy E. Oliver became engaged in a domestic dispute with his then-girlfriend Jeanette Gordon. During this dispute, Gordon suffered a severe black eye after being pushed against a wall, knocked to the ground, and repeatedly hit by Oliver. Oliver was subsequently charged with domestic battery. Following a bench trial, the trial court found Oliver guilty as charged and sentenced him to 180 days in jail.

On appeal, Oliver contends that the trial court abused its discretion excluding certain proffered evidence at trial. Oliver also contends that his sentence is inappropriate in light of the nature of his offense and his character. We affirm.

# Facts and Procedural History

In February of 2015, Gordon and Oliver were involved in a romantic relationship when they decided to move in together. Approximately one year later, on the morning of February 27, 2016, Oliver decided to move out of the couple's shared apartment. Oliver began to move belongings that he intended to take with him to an area near the backdoor of the apartment.

While Gordon was assisting Oliver in moving belongings to the backdoor area, a dispute broke out regarding ownership of a television that Oliver intended to take with him. Claiming that the television belonged to her, Gordon attempted to grab the television. In response, Oliver pushed Gordon against a wall, knocking her to the ground. Oliver then climbed on top of Gordon and began

repeatedly "hitting [her] with his fist in [her] temple area." Tr. p. 27. As a result of Oliver's actions, Gordon suffered "a severe black eye." Tr. p. 29.

At some point, police were dispatched to the scene of the altercation. Upon arriving at the scene, Elkhart City Police Officer Corporal Jason Tripp observed that Gordon was "holding her face" and "appeared to be in pain." Tr. p. 11. Corporal Tripp described Gordon a being "hysterical." Tr. p. 11. Corporal Tripp observed that Gordon "had injuries, she had swelling of her left eye, she had a mark above her left eye, and there was blood on her shirt." Tr. p. 11.

On May 1, 2016, Appellee-Plaintiff the State of Indiana ("the State") charged Oliver with Class A misdemeanor domestic battery. Following a bench trial, Oliver was found guilty as charged. He was subsequently sentenced to a 180-day term of imprisonment. This appeal follows.

# Discussion and Decision

# I. Admission of Evidence

Oliver contends that the trial court abused its discretion in excluding certain proffered evidence at trial.

> The admission or exclusion of evidence is entrusted to the discretion of the trial court. *Farris v. State*, 818 N.E.2d 63, 67 (Ind. Ct. App. 2004). We will reverse a trial court's decision only for an abuse of discretion. *Id.* We will consider the conflicting evidence most favorable to the trial court's ruling and any uncontested evidence favorable to the defendant. *Taylor v. State*, 891 N.E.2d 155, 158 (Ind. Ct. App. 2008). An abuse of discretion occurs when the trial court's decision is clearly against

the logic and effect of the facts and circumstances before the court or it misinterprets the law. *Id*. In determining whether an error in the introduction of evidence affected an appellant's substantial rights, we assess the probable impact of the evidence on the jury. *Oldham v. State*, 779 N.E.2d 1162, 1170 (Ind. Ct. App. 2002). Admission of evidence is harmless and is not grounds for reversal where the evidence is merely cumulative of other evidence admitted. *Pavey v. State*, 764 N.E.2d 692, 703 (Ind. Ct. App. 2002).

*Collins v. State*, 966 N.E.2d 96, 104 (Ind. Ct. App. 2012). "Moreover, the trial court's ruling will be upheld if it is sustainable on any legal theory supported by the record, even if the trial court did not use that theory." *Rush v. State*, 881 N.E.2d 46, 50 (Ind. Ct. App. 2008) (citing *Gonser v. State*, 843 N.E.2d 947, 950 (Ind. Ct. App. 2006)).

[8]    On appeal, Oliver argues that the trial court abused its discretion in excluding evidence relating to (1) prior bad acts allegedly committed by Gordon and (2) Gordon's mental state. Specifically, Oliver asserts that such evidence was relevant to his claim of self-defense. We must note, however, that we are perplexed by Oliver's assertion in this regard on appeal because review of the record reveals that Oliver did not raise a claim of self-defense at trial. In fact, if he had, such a claim would have been inconsistent with his claim that he did not touch or hit Gordon.

[9]    "Self-defense is recognized as a valid justification for an otherwise criminal act." *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999) (citing Ind. Code § 35-41-3-2).

When raised, a defendant must establish that he or she was in a place where he or she had the right to be, acted without fault, and was in reasonable fear or apprehension of death or great bodily harm. *See Brooks v. State*, 683 N.E.2d 574, 577 (Ind. 1997); *Lilly v. State*, 506 N.E.2d 23, 24 (Ind. 1987). Once a defendant claims self-defense, the State bears the burden of disproving at least one of these elements beyond a reasonable doubt for the defendant's claim to fail. [*Sanders v. State*, 704 N.E.2d 119, 123 (Ind. 1999)]; *Birdsong v. State*, 685 N.E.2d 42, 45 (Ind. 1997). The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief. *Lilly*, 506 N.E.2d at 24; *Davis v. State*, 456 N.E.2d 405, 408 (Ind. 1983).

*Id*. at 699-700. Self-defense is an affirmative defense which cannot be raised for the first time on appeal. *See Lafary v. Lafary*, 476 N.E.2d 155, 159 (Ind. Ct. App. 1985) (providing that affirmative defenses must be raised at trial and cannot be raised for the first time on appeal).

[10] In order to have raised a self-defense claim at trial, Oliver would have had to have acknowledged that he struck Gordon but argued that he was justified in doing so because he was in a place where he had a right to be, acted without fault, and was in reasonable fear or apprehension of death or serious bodily harm. Oliver made no such acknowledgements or arguments at trial. Instead, the record reveals that Oliver consistently stated that he did not touch or strike Gordon. Given that Oliver did not raise a self-defense claim at trial, he has waived such a claim on appeal. *See id*.

# II. Appropriateness of Sentence

[11] Oliver also contends that his 180-day sentence is inappropriate. In challenging the appropriateness of his sentence, Oliver asserts that his sentence is inappropriate because "the nature of the offense involved a mutual altercation" between the parties. Appellant's Br. p. 11. While it may be true that both parties bore some responsibility in the underlying dispute, we do not agree that such a fact, alone, renders Oliver's 180-day sentence inappropriate.

[12] Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[13] With respect to the nature of Oliver's offense, the record reveals that Oliver struck his then-girlfriend, Gordon, with sufficient force to cause significant bruising to Gordon's eye. The altercation began when Oliver attempted to move property allegedly belonging to Gordon, *i.e.*, a television, out of her

residence without her permission.[1]  During the altercation, Gordon suffered a severe black eye after being pushed against a wall, knocked to the ground, and repeatedly hit by Oliver.  Oliver attempts to minimize the serious nature of his offense on appeal by claiming that the parties engaged in a mutual altercation that resulted in injury to both he and Gordon.  Such a claim, however, is inconsistent with Oliver's trial testimony that he never struck or hit Gordon.

[14]  As for Oliver's character, the record reveals that Oliver has a significant criminal history that includes both misdemeanor and felony convictions as well as numerous prior probation violations.  Oliver's criminal history includes misdemeanor convictions for possession of marijuana, operating a vehicle without proof of financial responsibility, common nuisance, failure to appear, improper use of an interim license plate, and five counts of check deception.  Oliver's criminal history also includes convictions for Class A felony delivery of methamphetamine in excess of three grams and Class D felony domestic battery–committed in the presence of a child less than sixteen years old.  In addition, the record reveals that Oliver has violated the terms of his probation of numerous occasions.  In fact, the record reveals that Oliver was on probation at the time of the February 27, 2016 altercation and that he violated the terms of his probation by committing the instant offense.

---

[1]  It is unclear to whom the television actually belonged with both Oliver and Gordon claiming that the television in question belonged to them.

Oliver's criminal history indicates that he has a disdain not only for the criminal justice system, but also for the rights and safety of others. Moreover, the Elkhart County Probation Department indicated that a risk assessment of Oliver placed him "in the MODERATE risk category to re-offend." Appellant's App. Vol. II Confidential, p. 40. Upon review, we conclude that Oliver has failed to prove that his sentence is inappropriate in light of the nature of his offense and his character.

# Conclusion

In sum, we conclude that (1) the trial court acted within its discretion in excluding certain evidence proffered evidence from trial and (2) Oliver has failed to prove that his 180-day sentence is inappropriate in light of the nature of his offense and his character.

The judgment of the trial court is affirmed.

Vaidik, C.J., and Brown, J., concur.