Charles BLACK, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S02–0312–CR–603.

Supreme Court of Indiana.

June 24, 2004.

John L. Tompkins, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Indianapolis, IN, Attorney for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 49A02–0207–CR–548.

SULLIVAN, Justice.

Defendant Charles Black was arrested at an auto repair shop after having parked

and exited his car. A police search of the vehicle yielded contraband. He contends the search violated his rights under the Fourth Amendment to be free from unreasonable searches and seizures. The United States Supreme Court held in a 1981 decision that when a police officer has made a lawful custodial arrest of an occupant of an automobile, the Fourth Amendment allows the officer to search the passenger compartment of that vehicle as a contemporaneous incident of arrest. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). In a new decision, the high court has held that *Belton's* rule is not limited to situations where the officer makes contact with the occupant while the occupant is inside the vehicle, but that it applies as well if the officer first makes contact with the arrestee after the latter has stepped out of his vehicle. *Thornton v. United States,* — U.S. —, 124 S.Ct. 2127, 158 L.Ed.2d 905, 2004 U.S. LEXIS 3681 (May 24, 2004).

### Background

On December 3, 2001, Indianapolis Police Department Narcotics Detective Anthony Farrell, accompanied by another detective and relying on information from a third detective that defendant Charles Black was dealing cocaine from an automobile on a city street, initiated surveillance of the defendant. Farrell testified as to his observations during the surveillance:

Mr. Black was standing on the sidewalk, which would be on the passenger side of the vehicle in question, with anywhere from 2 to 4 other people at various times. On numerous occasions there would be individuals walk up, separate individuals walk up to Mr. Black. Mr. Black would speak to them very briefly, he would go over to the driver's side of the gold vehicle. He would get inside the vehicle for a very brief

amount of time. He would then step out of the vehicle. Walk back to the sidewalk. Have a brief exchange with the individuals who had approached him. And those individuals would leave.

(R. at 26.)

Farrell had checked defendant's driver's license earlier that day and was aware that it had been suspended for a prior offense.[1] Upon observing defendant get into his vehicle and drive away, Farrell notified District Officers Jeff Kelly and Andrew Branham that defendant was driving on a suspended license and that they should initiate a traffic stop. A uniformed officer got behind defendant but was unable to make an immediate traffic stop due to heavy traffic.

Defendant drove on to an auto repair shop's parking lot, got out of his vehicle, and requested an oil change and the installation of an auto alarm. Shortly thereafter uniformed officers in marked police vehicles pulled on to the garage parking lot. When asked, defendant admitted to Kelley that he had an invalid driver's license.

Farrell testified that he arrived shortly thereafter, at which time the officers on the scene had arrested the defendant for driving while suspended and were placing him in handcuffs. Farrell read defendant his Miranda warnings. Farrell checked the vehicle's registration and discovered that it was registered to defendant.

Two uniformed officers began to search the vehicle, one from the driver's side and the other from the passenger's side. During this cursory search, the officer on the driver's side failed to discover any contraband; the officer on the passenger's side of the vehicle was still engaged in the search. Farrell testified that he had "specific knowledge" that defendant kept his

---

1. Defendant does not challenge that his driver's license was suspended at that time.

cocaine underneath the steering column or just below the steering column. Farrell joined the search and immediately found what turned out to be cocaine.

The State charged defendant with dealing in cocaine, a Class A felony, possession of cocaine, a Class C felony, and driving while suspended, a Class A misdemeanor. Defendant moved to suppress the cocaine found in his car. The trial court denied the motion. On interlocutory appeal, the Indiana Court of Appeals upheld the denial of defendant's motion to suppress, finding that the search of defendant's car did not violate his Fourth Amendment rights. *Black v. State,* 795 N.E.2d 1061, 1066 (Ind. Ct.App.2003), transfer granted, 804 N.E.2d 760 (Ind.2003). Judge Riley dissented.

The majority opinion of the Court of Appeals and Judge Riley's dissent debate the availability to the State in this case of an "automobile exception" to the Fourth Amendment's warrant requirement. Because a new decision by the United States Supreme court controls the outcome of this case, we do not address this issue.

### Discussion

■ The Fourth Amendment provides all citizens with the "right ... to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures ..." U.S. Const. Amen. IV. This "fundamental right" is protected by the requirement that a warrant be issued by a neutral judicial officer prior to a search being conducted. *California v. Carney,* 471 U.S. 386, 390, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985); *Belton,* 453 U.S. at 457, 101 S.Ct. 2860. In general, the Fourth Amendment prohibits warrantless searches. *Vehorn v. State,* 717 N.E.2d 869, 875 (Ind.1999); *Berry v. State,* 704 N.E.2d 462, 465 (Ind.1998). There are, however, exceptions to the warrant requirement. *Carney,* 471 U.S. at 390, 105 S.Ct. 2066. If the search is conducted

without a warrant, the burden is upon the state to prove that, at the time of the search, an exception to the warrant requirement existed. *Vehorn,* 717 N.E.2d at 875.

■ Subsequent to our taking jurisdiction and holding oral argument in this case, the United States Supreme Court decided *Thornton v. United States,* —— U.S. ——, 124 S.Ct. 2127, 158 L.Ed.2d 905, 2004 U.S. LEXIS 3681 (May 24, 2004). We find·*Thornton* dispositive and hold that the present circumstances constitute a constitutionally valid search incident to a lawful arrest.

■ A search incident to arrest is a well-recognized exception to the Fourth Amendment's warrant requirement. *Knowles v. Iowa,* 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998); *New York v. Quarles,* 467 U.S. 649, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984); *United States v. Edwards,* 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974). In *Belton,* the Supreme Court held that once a police officer has made a lawful custodial arrest of an occupant of an automobile, the Fourth Amendment allows the officer to search the passenger compartment of that vehicle as a contemporaneous incident of arrest. 453 U.S. at 460, 101 S.Ct. 2860. Unresolved after *Belton* was whether its rule was limited to situations where the officer makes contact with the occupant while the occupant is inside the vehicle, or whether it applies as well when the officer first makes contact with the person arrested after the latter has stepped out of his vehicle.

In *Thornton,* the court concluded that *Belton* governed even when a police officer does not make contact until the person arrested has left the vehicle. The court explained:

> In all relevant aspects, the arrest of a suspect who is next to a vehicle presents

identical concerns regarding officer safety and the destruction of evidence as the arrest of one who is inside the vehicle. An officer may search a suspect's vehicle under *Belton* only if the suspect is arrested. A custodial arrest is fluid and "the danger to the police officer flows from *the fact of the arrest,* and its attendant proximity, stress, and uncertainty," ... The stress is no less merely because the arrestee exited his car before the officer initiated contact, nor is an arrestee less likely to attempt to lunge for a weapon or to destroy evidence if he is outside of, but still in control of, the vehicle. In either case, the officer faces a highly volatile situation. It would make little sense to apply two different rules to what is at bottom, the same situation.

— U.S. ——, ——, 124 S.Ct. 2127, 2131, 158 L.Ed.2d 905, ——, 2004 U.S. LEXIS 3681 at * 12–13 (citations omitted, emphasis appears in original opinion).

In this case, officers had probable cause to arrest the defendant lawfully because he was operating a motor vehicle while his license was suspended. Defendant admitted to having an invalid license and does not challenge the legality of his arrest. The subsequent search of defendant's vehicle was a contemporaneous incident of his arrest and clearly permissible under *Thornton.*

### Conclusion

Having previously granted transfer pursuant to Ind. Appellate Rule 58(A), we now affirm the trial court's denial of defendant's motion to suppress.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.