101 P.3d 119 (2004)
124 Wash.App. 372
STATE of Washington, Appellant,
v.
Robert K. RATHBUN, Respondent.
No. 30404-0-II.
Court of Appeals of Washington, Division 2.
November 23, 2004.
Gerald R. Fuller, Grays Harbor County Prosecutors Office, Montesano, WA, for Appellant.
Steven Grant McNeill, Attorney at Law, Steven McNeill Law Office, Montesano, WA, for Respondent.
BRIDGEWATER, J.
The State appeals the trial court's order of dismissal nunc pro tunc, in which it found that evidence of methamphetamine and drug paraphernalia was improperly seized. Robert K. Rathbun had been working on a truck, but at the time of his arrest, he was 40 to 60 feet away from the truck and had jumped a fence. We hold that Rathbun was not in close enough physical proximity to the truck such that the vehicle could be searched incident to his arrest. We affirm.
The parties have stipulated to the trial court's findings of fact. The findings of fact state that on February 12, 2003, Lieutenant Matthew M. Stowers of the Grays Harbor County Sheriff's Department confirmed that Robert K. Rathbun had outstanding warrants for his arrest. Lieutenant Stowers was given the address where Rathbun was currently residing and a description of his pick-up truck. That afternoon, Lieutenant Stowers *120 drove by the residence and observed Rathbun working on the engine of his truck. The truck was parked in the driveway and was facing the front entrance of a barn. Lieutenant Stowers left and returned shortly thereafter with Deputy Lewis to serve the warrant.
As Lieutenant Stowers approached the driveway, he observed Rathbun standing in the swing of the open driver's side door of his truck. As Lieutenant Stowers continued up the driveway, Rathbun moved to the front of the truck and then to the swing of the open passenger side door. Upon seeing the officers, Rathbun began running toward the barn. He ran through the length of the barn, approximately 40 to 60 feet away from the truck, and jumped over a fence. The officers gave chase and arrested him on the other side of the fence. Approximately 25 to 30 seconds elapsed from the time that Lieutenant Stowers began driving up the driveway to the time that Rathbun was apprehended.
Immediately following Rathbun's arrest, the officers searched his truck incident to his arrest. During the search, the officers found methamphetamine and various drug paraphernalia. Based on this evidence, the State charged Rathbun with violating the Uniform Controlled Substances Act  possession of methamphetamine.
Prior to trial, Rathbun moved under CrR 3.6 to suppress the physical evidence that the officers found in his truck. The court granted the motion, holding that the search was an invalid warrantless search incident to arrest because Rathbun was not in close proximity to the truck. Consequently, the State's case was dismissed. The State has timely appealed.
The State contends that the trial court erred in granting Rathbun's CrR 3.6 motion to suppress. Specifically, the State argues that the officers had a right to search Rathbun's truck under State v. Stroud, 106 Wash.2d 144, 720 P.2d 436 (1986), and that Rathbun could not defeat that right by fleeing from the vehicle immediately before his arrest. Rathbun responds that the search of his vehicle exceeded the scope of a valid automobile search incident to arrest because he was not in close proximity to the vehicle at the time of his arrest. A review of the pertinent case law shows that Rathbun is correct.
Because neither party challenges the trial court's findings of fact, we treat them as verities on appeal. State v. Madarash, 116 Wash.App. 500, 509, 66 P.3d 682 (2003). We review the State's challenges to the trial court's conclusions of law de novo. Madarash, 116 Wash.App. at 509, 66 P.3d 682.
In Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the Supreme Court held that incident to a lawful arrest, the police may search the area within the arrestee's "immediate control" or the area into which the arrestee might reach to grab a weapon or destroy evidence. In New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the Court expanded its holding in Chimel and articulated the "bright-line rule" that when an arrestee is occupying an automobile at the time of arrest, the police may search the vehicle's entire passenger compartment incident to the arrest. However, since the Court's ruling in Belton, federal and state courts have been in disaccord regarding the scope of an automobile search incident to arrest when the suspect was not occupying the vehicle at the time of arrest.[1]
The United States Supreme Court recently addressed this issue in Thornton v. United States, ___ U.S. ___, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004). In Thornton, the defendant parked his car and exited the vehicle before the police could pull him over and arrest him. Thornton, ___ U.S. at ___, 124 S.Ct. at 2127. The officer arrested the defendant near the vehicle and searched his car incident to the arrest. Thornton, ___ U.S. at ___, 124 S.Ct. at 2127. The court upheld the search, holding that "Belton allows police *121 to search the passenger compartment of a vehicle incident to a lawful custodial arrest of both `occupants' and `recent occupants'" of the vehicle. Thornton, ___ U.S. at ___, 124 S.Ct. at 2131. The court reasoned, "the arrest of a suspect who is next to a vehicle presents identical concerns regarding officer safety and the destruction of evidence as the arrest of one who is inside the vehicle." Thornton, ___ U.S. at ___, 124 S.Ct. at 2131. The Court limited the scope of such a search, stating, "an arrestee's status as a `recent occupant' may turn on his temporal or spatial relationship to the car at the time of the arrest and search." Thornton, ___ U.S. at ___, 124 S.Ct. at 2131.
Washington State courts have likewise addressed the scope of an automobile search incident to arrest. In Stroud, 106 Wash.2d at 152, 720 P.2d 436, our supreme court adopted Belton's"bright-line rule," holding that "[d]uring the arrest process, including the time immediately subsequent to the suspect's being arrested, handcuffed, and placed in a patrol car, officers should be allowed to search the passenger compartment of a vehicle for weapons or destructible evidence." But the court's ruling does not permit officers to search locked containers found within the vehicle. Stroud, 106 Wash.2d at 152, 720 P.2d 436.
In State v. Porter, 102 Wash.App. 327, 332, 6 P.3d 1245 (2000), we considered whether an officer may search a vehicle incident to an arrest where the former occupant of the vehicle is arrested some distance from the vehicle. We held that police may search the vehicle if it is within the area of the suspect's "immediate control" at the time of his or her arrest. Porter, 102 Wash.App. at 334, 6 P.3d 1245. See also State v. Johnston, 107 Wash.App. 280, 285-86, 28 P.3d 775 (2001), review denied, 145 Wash.2d 1021, 41 P.3d 483 (2002) (holding that the "key question" in applying Belton and Stroud is whether the arrestee had ready access to the passenger compartment at the time of arrest.) In Porter, we found the search of the defendant's van incident to his son's arrest impermissible because the son had walked 300 feet away from the vehicle before he was arrested and thus, did not have immediate control over the vehicle. Porter, 102 Wash.App. at 334, 6 P.3d 1245. Furthermore, the van had no connection to the arrest. Porter, 102 Wash.App. at 334, 6 P.3d 1245.
The facts of the instant case present unique circumstances because, unlike other Belton cases, there is no evidence in the record here that Rathbun was an "occupant," or even a "recent occupant," of the vehicle prior to his arrest. Rather, Lieutenant Stowers and Deputy Lewis observed him working on the truck's engine and standing near its open doors. Nevertheless, Belton's underlying premise is to prevent danger to police and the destruction of evidence; a suspect who is standing near the open doors of a vehicle presents a similar threat to officer safety and preservation of evidence as an actual occupant or recent occupant of the vehicle. Thornton, ___ U.S. at ___, 124 S.Ct. at 2131. Thus, in this case, Belton applies regardless of whether Rathbun was an occupant or recent occupant of the truck.
The State argues that the search of Rathbun's truck was permissible because he was in control of the vehicle immediately prior to his arrest. But we have held that in determining whether police may search a vehicle incident to arrest when a suspect is arrested outside of the vehicle, the proper inquiry is whether the vehicle was within the arrestee's immediate control "at the time the police initiate an arrest"  not whether the arrestee had control over the vehicle at some point prior to his or her arrest. Porter, 102 Wash.App. at 333, 6 P.3d 1245 (emphasis added). Here, although Lieutenant Stowers and Deputy Lewis initially observed Rathbun standing beside the open doors of his truck, by the time they initiated arrest, he had run through the length of the barn, approximately 40 to 60 feet away from the truck, and had jumped over a fence. Thus, we cannot reasonably conclude that, at the time Rathbun was arrested, the truck was within his area of "immediate control" or within close physical proximity to him. And at a distance of at least 40 feet, on the other side of a fence, Rathbun did not have the opportunity to destroy evidence or obtain a weapon from within the truck. Moreover, at the CrR 3.6 hearing, Lieutenant Stowers testified that *122 there was no connection between Rathbun's truck and the warrants for his arrest. Thus, the officers had no legal basis to perform a warrantless search of the truck and the trial court did not err.
The State's argument that a defendant may not "defeat the right" of police officers to search an automobile incident to arrest by "fleeing from the vehicle" immediately prior to his or her arrest also fails. Br. of Appellant at 4. The State cites People v. Bosnak, 262 Ill.App.3d 122, 129, 199 Ill.Dec. 331, 633 N.E.2d 1322 (1994), wherein the court held that Belton applies to a suspect who, contemporaneous with an officer's approach, has very recently departed a vehicle. The court reasoned, "[i]f we were to adopt a contrary rule, we would be giving a driver or a passenger the power to avoid an otherwise lawful search of the vehicle by quickly exiting and moving away from the vehicle before the officer has an opportunity to approach him." Bosnak, 262 Ill.App.3d at 129, 199 Ill.Dec. 331, 633 N.E.2d 1322. Additionally, the State cites People v. Savedra, 907 P.2d 596, 600 (1995) (noting that officers should not be required to "race from their vehicles" to prevent an arrestee from exiting his or her vehicle and that a "speedy" suspect could prevent a vehicle search simply by exiting the vehicle and then surrendering to the officer), and Black v. Indiana, 810 N.E.2d 713, 716 (2004) (upholding a vehicle search where the defendant pulled into the parking lot of an auto repair shop, exited his vehicle, and was standing in the parking lot at the time of arrest).
However, the actual issue in these cases was not whether a defendant may prevent a lawful vehicle search incident to arrest by fleeing from the vehicle prior to arrest. Rather, the courts were addressing the same issue answered by Thornton: whether Belton applies to a suspect who has been arrested after exiting a vehicle. See Bosnak, 262 Ill.App.3d at 127, 199 Ill.Dec. 331, 633 N.E.2d 1322; Savedra, 907 P.2d at 599; Black, 810 N.E.2d at 715-16. And regardless of whether a suspect has fled from his or her vehicle prior to arrest, Thornton requires some quantum of physical and temporal proximity between the suspect and the vehicle before police may validly search it incident to arrest. Thornton, ___ U.S. at ___, 124 S.Ct. at 2131. Indeed, none of the cases that the State cites suggest that Belton applies even if close physical proximity between a defendant and the vehicle or close temporal proximity between the time a defendant exits the vehicle and the vehicle is searched are lacking.
The United States and Washington State constitutions guard against unreasonable searches and searches. Warrantless searches are per se unreasonable, and exceptions to the warrant requirement have been "narrowly and jealously drawn." Stroud, 106 Wash.2d at 147, 720 P.2d 436. As noted previously, the policy underlying a vehicle search incident to arrest pursuant to Chimel and Belton is to prevent the destruction of evidence and protect police from danger. Thornton, ___ U.S. at ___, 124 S.Ct. at 2131. Contrary to the State's position, the ability to search a vehicle incident to the arrest of a vehicle's occupant is not a police entitlement justifying a rule that police may search a vehicle incident to arrest regardless of how far a suspect is from the vehicle. If a suspect flees from a vehicle so that the vehicle is no longer within his or her immediate control at the time of arrest, the exigencies supporting a vehicle search incident to arrest no longer exist and there is no justification for the police to search the vehicle without first obtaining a warrant.[2] Thus, the trial court properly concluded that, because Rathbun was not in close proximity to his truck when he was arrested, the officers were not justified in conducting a warrantless search of the vehicle.
Affirmed.
We concur: QUINN-BRINTNALL, C.J., and HOUGHTON, J.
NOTES
[1] See State v. Porter, 102 Wash.App. 327, 333 n. 6, 6 P.3d 1245 (2000) (noting that some jurisdictions have applied Chimel rather than Belton when an officer's initial contact with an arrestee occurs outside a vehicle, while others have permitted a Belton search incident to the arrest of a "recent occupant" that occurs near the vehicle).
[2] Our decision is narrow and limited to the facts in this case; this opinion should not be interpreted to alter case law concerning community caretaking or the abandonment of property. Central to our opinion is the fact that the search took place on private property not otherwise open to the public.