Dustin A. GONSER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 44A05–0504–CR–210.

Court of Appeals of Indiana.

March 15, 2006.

**948**

Kimberly A. Jackson, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SHARPNACK, Judge.

Dustin Gonser brings this interlocutory appeal from the trial court's denial of his motion to suppress. Gonser raises one issue, which we revise and restate as whether the trial court erred by denying Gonser's motion to suppress. We reverse and remand.

The relevant facts follow. On November 8, 2003, the Shipshewana Police Department received a call that a clock had been stolen from a store and received a description of the suspect. Shipshewana Police Officer Tom Fitch was familiar with Gonser and knew that Gonser matched the description of the suspect. Officer Gary Hershberger made contact with Gonser in the parking area in front of the mailboxes of Kwana Village Apartments, where Gonser was a tenant. Officer Hershberger pulled his squad car up behind Gonser's vehicle and did not give Gonser an opportunity to park his vehicle. Gonser would have had to back up his vehicle in order to park it. Officer Hershberger and Gonser had a conversation about the clock. Gonser did not deny having the clock and began looking for a receipt.

Officer Fitch and Officer Carlos Jasso arrived at Kwana Village Apartments. Officer Fitch and Officer Jasso then went to the store to inquire whether or not Gonser had purchased the clock. Once at the store, Officer Fitch spoke with the owners of the store and the clerks and learned that the suspect had not paid for the clock, that the suspect's last name was Gonser, that he lived a couple of blocks from the store, and that he painted trucks in Goshen. Officer Fitch knew from experience where Gonser lived and that he painted trucks in Goshen. Officer Fitch and Officer Jasso returned from the store, and Officer Fitch arrested Gonser for theft.

Officer Fitch called a tow service to come and impound the vehicle. Gonser's vehicle was towed to the towing company's building, where Officer Fitch conducted a search of the vehicle. The search revealed a clock, methamphetamine, paraphernalia, and a switchblade knife.[1]

The State charged Gonser with theft as a class D felony,[2] possession of metham-

---

1. The record does not contain a copy of the inventory from the search.

2. Ind.Code § 35–43–4–2 (2004).

phetamine as a class A felony,[3] and possession of a switchblade knife as a class B misdemeanor.[4] Gonser filed a motion to suppress the methamphetamine, paraphernalia, and the switchblade knife.[5] Gonser argued that the search violated his rights secured by the Fourth Amendment to the United States Constitution and Article I, Section 11 of the Indiana Constitution. The trial court held a hearing and denied Gonser's motion. That ruling comes to us on interlocutory appeal pursuant to Ind. Appellate Rule 14(B).

The sole issue is whether the trial court erred by denying Gonser's motion to suppress. Our review of the denial of a motion to suppress is similar to other sufficiency matters. *Goodner v. State*, 714 N.E.2d 638, 641 (Ind.1999). The record must disclose substantial evidence of probative value that supports the trial court's decision. *Id.* We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* On appellate review, we will affirm the trial court's ruling on a motion to suppress if it is sustainable on any legal theory supported by the record, even if the trial court did not use that theory. *Alford v. State*, 699 N.E.2d 247, 250 (Ind.1998). Gonser argues that the search violated his rights secured by the Fourth Amendment to the United States Constitution and Article I, Section 11 of the Indiana Constitution.

■ The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

If the search is conducted without a warrant, the burden is upon the State to prove that an exception to the warrant requirement existed at the time of the search. *Black v. State*, 810 N.E.2d 713, 715 (Ind. 2004).

■ The State argues that the automobile exception applies.[6] The automobile exception was first applied in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The scope of a warrantless search of an automobile is defined "by the object of the search and the places in which there is probable cause to believe that it may be found." *U.S. v. Ross*, 456 U.S. 798, 824, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982). "The scope of a warrantless search based on probable cause is no narrower—and no broader—than the scope of a search authorized by a warrant supported by probable cause." *Id.* at 823, 102 S.Ct. at 2172. Probable cause to believe that a container in a vehicle contains contraband does not justify a search of the entire vehicle. *Id.* at 824, 102 S.Ct. at 2172. A search must end once the police find the item for which they have probable cause to search. *Horton v. California*, 496 U.S. 128, 141, 110 S.Ct. 2301, 2310, 110 L.Ed.2d 112 (1990) (holding that no search for weapons could have taken place if the items named in the warrant had been found at the outset); *Covelli v. State*, 579 N.E.2d 466, 473 (Ind.Ct.App.1991) (holding

---

3. Ind.Code § 35–48–4–6 (2004).

4. Ind.Code § 35–47–5–2 (2004).

5. Gonser did not move to suppress the clock.

6. The State argued that "[b]ecause the automobile exception to the Fourth Amendment

clearly permitted the impoundment and search of [Gonser]'s vehicle, the State will not analyze this case under the inventory search and search incident to arrest doctrines." Appellee's Brief at 6.

950

that "once the items which are the subject of the consent are found, the search must stop"), *trans. denied.*

■ Here, the record reveals that the methamphetamine was located under the driver's seat and does not reveal where the switchblade knife was located. The record also does not reveal whether the methamphetamine and switchblade knife were located before or after the clock was located. Without this information we cannot say whether the scope of the search was proper under the automobile exception. Thus, the State has failed to meet its burden to show that the automobile exception applies. *See Covelli,* 579 N.E.2d at 473 (holding that "[i]n searching the bag after he had found the object of his search, he exceeded the scope of consent"); *Berry v. State,* 561 N.E.2d 832, 837 (Ind.Ct.App. 1990) (holding that a search was reasonable in its scope because once the marijuana was found, the search ceased).

■ Although the State does not address the search incident to arrest exception or the inventory exception, we will address them because we will affirm the trial court's ruling on a motion to suppress if it is sustainable on any legal theory supported by the record, even if the trial court did not use that theory. *Alford,* 699 N.E.2d at 250.

■ Under the search incident to arrest exception, the initial arrest must be lawful, the search and arrest must be contemporaneous in both place and time and the scope of a search is limited to the area within the arrestee's immediate control. *Townsend v. State,* 460 N.E.2d 139, 141 (Ind.1984). "A search is 'incidental' to an arrest when it can be said that it 'is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest.'" *Murrell v. State,* 421 N.E.2d 638, 640 (Ind.1981) (quoting *Stoner v. California,* 376 U.S. 483, 486, 84 S.Ct. 889, 891, 11 L.Ed.2d 856 (1964), *reh'g denied,* 377 U.S.

940, 84 S.Ct. 1330, 12 L.Ed.2d 303 (1964)). The United States Supreme Court explained the rationale underlying the rule that a search incident to arrest must be contemporaneous in time and place to the arrest:

> Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime .... The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest. Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest.

*Preston v. U.S.,* 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964) (citations omitted).

■ Here, Officer Fitch arrested Gonser and then had Gonser's vehicle towed to the towing company's building, where Officer Fitch conducted a search of the vehicle. Thus, the search incident to arrest exception does not apply to the facts of this case because the search of Gonser's vehicle did not occur contemporaneously in both time and place with his arrest. *Cf. Jones v. State,* 467 N.E.2d 1236, 1240 (Ind. Ct.App.1984) (holding that search was incident to arrest when police officers searched a parked van, defendant was "as close as five feet from the van when it was

searched," and defendant presumably could have retrieved a weapon from the van or destroyed evidence within it).

■ In *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), the United States Supreme Court defined what has become known as the "inventory exception" when it held that the police may conduct a warrantless search of a lawfully impounded automobile if the search is designed to produce an inventory of the vehicle's contents. The threshold question in inventory cases is whether the impoundment itself was improper. *Brown v. State,* 653 N.E.2d 77, 81 (Ind.1995). "An impoundment is warranted when it is part of 'routine administrative caretaking functions' of the police or when it is authorized by state statute." *Ratliff v. State,* 770 N.E.2d 807, 809 (Ind.2002) (quoting *Opperman,* 428 U.S. at 370 n.5, 96 S.Ct. at 3097 n. 5) (internal citations omitted). "To show that the inventory search was part of the community caretaking function, the State must demonstrate that: 'the belief that the vehicle posed some threat or harm to the community or was itself imperiled was consistent with objective standards of sound policing, and ... the decision to combat that threat by impoundment was in keeping with established departmental routine or regulation.' " *Id.* quoting *Woodford v. State,* 752 N.E.2d 1278, 1281 (Ind.2001), *reh'g denied, cert. denied,* 535 U.S. 999, 122 S.Ct. 1564, 152 L.Ed.2d 486 (2002), *reh'g denied.*

■ Gonser argues that "no evidence of police procedures was properly admitted." Appellant's Brief at 10. It is well established that we may not consider evidence or arguments not properly presented to the trial court. *GKC Ind. Theatres, Inc. v. Elk Retail Investors, LLC.,* 764 N.E.2d 647, 651 (Ind.Ct.App.2002).

■ Here, the trial court held the suppression hearing on January 19, 2005. Thereafter, on January 25, 2005, the State filed a brief on Gonser's motion to suppress. The State attached the Town of Shipshewana's policy to inventory impounded vehicles as "Exhibit 'A' " to its brief on Gonser's motion to suppress. However, the State failed to introduce and properly admit the policy at the suppression hearing and we will not consider it. The only reference to inventory procedures came in the following exchange between Gonser's attorney and Officer Fitch:

> [Defense Attorney]: Does the Shipshewana Police Department have a written inventory procedure?
>
> Officer Fitch: Uh.. [sic] I believe, yes we do.
>
> [Defense Attorney]: Do you have that with you today?
>
> Officer Fitch: I do not, no.
>
> [Defense Attorney]: OK, when was the last time you reviewed it?
>
> Officer Fitch: Would have been, I don't know, it's been awhile.
>
> [Defense Attorney]: Can you produce that for me if I request it?
>
> Officer Fitch: I could have it yes.
>
> [Defense Attorney]: Where would it be?
>
> Officer Fitch: It would be at the Police Department, I could get a copy of it.

Transcript at 22. Because the State failed to present any evidence at the hearing, it failed to meet its burden to show that the decision to impound the vehicle was in keeping with established departmental routine or regulation.[7] *See, e.g., Edwards*

---

7. We note that the following exchange occurred at the suppression hearing:

    [Gonser's Attorney]: [I]t is the Defendant's position that the State has the burden to prove that there was an exception to the warrant requirement uh. And therefore it is there [sic] burden of proof and a motion to suppress to show that, and we believe that they should go first.

    Court: Anything else, [prosecutor]?

    [Prosecutor]: No, Judge, it's the Defendant's motion. Uh.. [sic] That he was illegally detained, illegally arrested, seizure was as the result of an illegal search, that's

*v. State*, 762 N.E.2d 128, 133 (Ind.Ct.App. 2002) (holding that the trial court had no evidentiary basis to evaluate whether the inventory search was in conformity with established local law enforcement policy because the record did not include the substance of any police departmental policy regarding inventory searches), *aff'd on reh'g*, 768 N.E.2d 506 (Ind.Ct.App.2002), *trans. denied.*

In summary, the State has failed to prove that an exception to the warrant requirement existed at the time of the search. Accordingly, the methamphetamine and switchblade knife should have been suppressed. Because we conclude that the search violated his rights under the Fourth Amendment, we need not address Gonser's argument that his rights secured by Article I, Section 11 of the Indiana Constitution were violated.

For the foregoing reasons, we reverse and remand the trial court's denial of Gonser's motion to suppress.

Reversed and remanded.

RILEY, J. and BARNES, J. concur.

---

unconstitutional, I mean I didn't file a motion, he did. I think it's his burden. Transcript at 11. We remind the prosecutor that if a search is conducted without a warrant, the burden is upon the State to prove that an exception to the warrant requirement existed at the time of the search. *Black*, 810 N.E.2d at 715.