ATTORNEY FOR APPELLANT
Dale W. Arnett
Winchester, Indiana

ATTORNEYS FOR APPELLEES
Gregory F. Zoeller
Attorney General of Indiana

Kathy J. Bradley
Elizabeth Rogers
Deputy Attorneys General
Indianapolis, Indiana

In the

# Indiana Supreme Court

FILED

Sep 22 2010, 12:31 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 68S04-1009-CV-510

VIRGINIA MEISTER,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA AND THE
CITY OF UNION CITY, INDIANA,

*Appellees (Plaintiffs below)*.

Appeal from the Randolph Superior Court, No. 68D01-0402-MI-198
The Honorable Peter D. Haviza, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 68A04-0604-CV-196

**September 22, 2010**

**Sullivan, Justice.**

Virginia Meister's truck was ordered forfeited after drugs and paraphernalia were discovered in it during a warrantless search following her son's arrest for driving it on a suspended license. The Court of Appeals originally determined that the search did not violate the Fourth Amendment's warrant requirement because it was "incident to a valid arrest." The United States

Supreme Court granted certiorari and remanded the case in light of Arizona v. Gant, 129 S. Ct. 1710 (2009), which concerned vehicle searches accompanying arrests. On remand, the Indiana Court of Appeals agreed that the search was invalid under Gant but held that it was nevertheless valid under the so-called "automobile exception" to the Fourth Amendment's warrant requirement. We agree with the Court of Appeals.

## Background

In October, 2003, John Wymer was driving a truck owned by his mother, Virginia Meister, when Union City Police Officer William Bradbury began following him. Officer Bradbury believed that Wymer was driving on a suspended license. As Wymer pulled into a convenience store parking lot, Officer Bradbury pulled in nearby to await confirmation from his dispatcher regarding the status of Wymer's license. Upon receiving confirmation, Officer Bradbury approached Wymer's truck. Wymer exited the truck, and Officer Bradbury arrested Wymer and placed him into handcuffs. A pat-down search produced a hollowed-out pen containing "powdery looking residue inside of it." (Tr. 7.) Another officer conducted a warrantless search of the truck and discovered a pill bottle which tested positive for methamphetamine. Wymer was arrested for possession of methamphetamine, possession of paraphernalia, and driving while suspended; the truck was seized.

The trial court ordered the truck forfeited. Meister appealed, raising several issues,[1] including a contention that the warrantless search violated the requirements of the Fourth Amendment. The Court of Appeals affirmed and held in part that the warrantless search of the truck was justified as a search incident to a lawful arrest. Meister, 864 N.E.2d at 1144. Meister petitioned for certiorari. During this time, the United States Supreme Court decided Arizona v. Gant, 129 S. Ct. 1710 (2009), in which it held that New York v. Belton, 453 U.S. 454 (1981),

---

[1] The issues presented on appeal were: (1) whether the trial court abused its discretion by admitting testimony from police officers regarding the methamphetamine found during the search of the truck and the results of a field test identifying a powder substance as methamphetamine; and (2) whether the State presented sufficient evidence to support the trial court's forfeiture order. Meister v. State, 864 N.E.2d 1137, 1139 (Ind. Ct. App. 2007), trans. denied, 878 N.E.2d 214 (Ind. 2007), cert. granted, 129 S. Ct. 2155 (2009).

should be understood only to permit "an officer to conduct a vehicle search when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Id. at 1721. The United States Supreme Court granted Meister's certiorari petition and remanded to the Indiana Court of Appeals for reconsideration in light of Gant. On remand, the Court of Appeals held that the warrantless search was not justifiable under Gant as a search incident to lawful arrest, but that the search could be justified pursuant to the so-called "automobile exception" to the Fourth Amendment's warrant requirement.[2] Meister v. State, 912 N.E.2d 412, 416, 418 (Ind. Ct. App. 2009) (Riley, J., dissenting).

Meister seeks, and we now grant, transfer to consider the issue of whether probable cause is sufficient to justify an automobile search when a warrant can be obtained, and, if so, whether such probable cause existed in this case. Ind. App. R. 58(A).

**Discussion**

The Fourth Amendment to the United States Constitution provides, in pertinent part: "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." As a general rule, the Fourth Amendment prohibits warrantless searches. Black v. State, 810 N.E.2d 713, 715 (Ind. 2004). When a search is conducted without a warrant, the State has the burden of proving that the search falls into one of the exceptions to the warrant requirement; a search incident to arrest is one such exception. Id. The Court of Appeals found that the search was not justified under Gant. We agree with this result. In Gant, the Supreme Court held that police are authorized

> to search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search. . . .
>
> . . . [or] when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle."

---

[2] The Court of Appeals also held that the so-called "good faith exception" to the exclusionary rule applied, Meister, 912 N.E.2d at 418 n.1, but declined to revisit other issues it deemed unaffected by Gant. Id. at 418-19. We express no opinion on the availability of the good faith exception and summarily affirm the Court of Appeals as to issues not addressed in this opinion. Ind. App. R. 58(A)(2).

3

129 S. Ct. at 1719 (<u>quoting</u> <u>Thornton v. United States</u>, 541 U.S. 615, 632 (2004) (Scalia, J., concurring)).

Wymer was arrested and handcuffed when the officer searched the vehicle. He was not, therefore, within reaching distance of the truck's interior at the time of the arrest. Because Wymer was arrested for driving with a suspended license, officers could not expect to find evidence of this crime in the vehicle. <u>Gant</u> noted that, "[i]n many cases, as when a recent occupant is arrested for a traffic violation, there will be no reasonable basis to believe the vehicle contains relevant evidence." 129 S. Ct. at 1719. The search of Meister's vehicle was not authorized under the search incident to arrest exception. <u>See</u> <u>Meister</u>, 912 N.E.2d at 416.

When a warrantless search is not justified under the search incident to arrest exception under <u>Gant</u>, police must obtain a warrant or show that another exception to the warrant requirement applies. <u>See</u> <u>Gant</u>, 129 S. Ct. at 1721. We agree with the Court of Appeals that <u>Gant</u> "did not disturb other established exceptions to the warrant requirement that 'authorize a vehicle search under additional circumstances when safety or evidentiary concerns demand.'" <u>Meister</u>, 912 N.E.2d at 416 (<u>quoting</u> <u>Gant</u>, 129 S. Ct. at 1721). <u>Gant</u> provided:

> For instance, <u>Michigan v. Long</u>, 463 U.S. 1032 (1983), permits an officer to search a vehicle's passenger compartment when he has reasonable suspicion that an individual, whether or not the arrestee, is "dangerous" and might access the vehicle to "gain immediate control of weapons." <u>Id.</u> at 1049 (citing <u>Terry v. Ohio</u>, 392 U.S. 1, 21 (1968)). If there is probable cause to believe a vehicle contains evidence of criminal activity, <u>United States v. Ross</u>, 456 U.S. 798, 820-21 (1982), authorizes a search of any area of the vehicle in which the evidence might be found. . . . Finally, there may be still other circumstances in which safety or evidentiary interests would justify a search. <u>Cf.</u> <u>Maryland v. Buie</u>, 494 U.S. 325, 334 (1990) (holding that, incident to arrest, an officer may conduct a limited protective sweep of those areas of a house in which he reasonably suspects a dangerous person may be hiding).

129 S. Ct. at 1721.

The Court of Appeals found that the so-called "automobile exception" applied. Meister, 912 N.E.2d at 417. A search falls within this exception when a vehicle is readily mobile and there is probable cause to believe it contains contraband or evidence of a crime. Maryland v. Dyson, 527 U.S. 465, 467 (1999). Where there is probable cause to search a vehicle, a search is not unreasonable if it is based on facts that would justify the issuance of a warrant, even though a warrant has not been obtained. Id. The United States Supreme Court has stated that when there is probable cause that a vehicle contains evidence of a crime, a warrantless search of the vehicle does not violate the Fourth Amendment because of the existence of exigent circumstances arising out of the likely disappearance of the vehicle. California v. Acevedo, 500 U.S. 565, 569 (1991). Moreover, "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." Pennsylvania v. Labron, 518 U.S. 938, 940 (1996) (citing California v. Carney, 471 U.S. 386, 393 (1985)).

In Myers v. State, 839 N.E.2d 1146, 1152 (Ind. 2005), this Court concluded that:

> In light of the Supreme Court's recent emphatic statement in Dyson that the automobile exception "does not have a separate exigency requirement," 527 U.S. at 467, we conclude that this exception to the warrant requirement under the Fourth Amendment does not require any additional consideration of the likelihood, under the circumstances, of a vehicle being driven away. Rather, we understand the "ready mobility" requirement of the automobile exception to mean that all operational, or potentially operational, motor vehicles are inherently mobile, and thus a vehicle that is temporarily in police control or otherwise confined is generally considered to be readily mobile and subject to the automobile exception to the warrant requirement if probable cause is present.

"Facts necessary to demonstrate the existence of probable cause for a warrantless search are not materially different from those which would authorize the issuance of a warrant if presented to a magistrate." Masterson v. State, 843 N.E.2d 1001, 1004 (Ind. Ct. App. 2006) (citation omitted), trans. denied, 855 N.E.2d 1007 (Ind. 2006). Probable cause to issue a search warrant exists where the facts and circumstances would lead a reasonably prudent person to believe that a search would uncover evidence of a crime. Esquerdo v. State, 640 N.E.2d 1023, 1029 (Ind. 1994).

5

Here, during the pat-down search of Wymer, Officer Bradbury located an ink pen without inner parts but with "powdery looking residue inside of it." (Tr. 7.) Officer Bradbury also testified at trial that he had arrested Wymer on two prior occasions and had found drugs either on Wymer's person or in the vehicle.[3] Thus, based on the presence of the pen in Wymer's pocket and Officer Bradbury's previous encounters with Wymer, the officer could have reasonably believed that the vehicle contained contraband. Even if the testimony of Officer Bradbury's knowledge of Wymer's recent history of illegal drug possession is not considered, the pen with the powdery residue alone is sufficient to provide the requisite probable cause.

It is uncontested that the vehicle Wymer was driving was operational; Officer Bradbury had observed Wymer driving the vehicle immediately prior to the stop. Because the vehicle was operational, it was readily mobile. See Myers, 839 N.E.2d at 1152. Based on probable cause and the readily mobile vehicle, the warrantless search was justified under the automobile exception. We acknowledge the dearth of exigent circumstances in this case. Wymer was secured by police and there was no risk of imminent destruction of evidence inside the vehicle. But the State is not required to prove exigent circumstances on a case-by-case basis to invoke the automobile exception under the Fourth Amendment. See Cheatham v. State, 819 N.E.2d 71, 76 n.1 (Ind. Ct. App. 2004). The probable cause and ready mobility of the vehicle allowed the warrantless search of the vehicle's interior. Meister has not established that the search of the vehicle violated the Fourth Amendment.

**Conclusion**

We grant transfer. The judgment of the trial court is affirmed.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

---

[3] At the bench trial on the forfeiture complaint, an objection was raised about Officer Bradbury's testimony concerning Wymer's prior arrests; the trial court sustained the objection. Although this testimony was excluded at trial, it does not necessarily prohibit its use in the inquiry into whether probable cause existed to justify a warrantless automobile search. Cf. Masterson, 843 N.E.2d at 1004-05 (considering the amount of evidence needed for probable cause).